IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DUSTIN RAY RHODES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 08-523-CG-N |
| | ) | |
| PAUL & LINDA DAVIS d/b/a/ | ) | |
| P&L CONSTRUCTION, and | ) | |
| BAMACO, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

A hearing was held on November 4, 2009 before the undersigned on the following: Defendant, BAMACO's Motion to Quash interrogatories (doc. 43), and Plaintiff, Dustin Ray Rhodes' Motion to Extend Discovery. (Doc. 46)[1] Present at the hearing were Henry Chase Dearman, Esq., counsel for plaintiff, plaintiff Dustin Ray Rhodes and Amelia T. Driscoll, Esq., counsel for defendant, BAMACO. At the conclusion of the hearing the undersigned made several rulings which are memorialized herein. As a result of those oral rulings, on November 5, 2009, defendant filed an unopposed motion to extend the remaining deadlines in this action (doc. 50) which will also be addressed in this order.

---

[1] Plaintiff's motion for an extension of time was incorporated in the response to defendant's motion to quash.

1

Motion to Quash Interrogatories

Defendant moves the Court for an order quashing plaintiff's discovery requests on the grounds that they are served too close to the discovery deadline of November 2, 2009. (Doc. 43)  The docket sheet reflects that plaintiff filed a "Notice of Filing Interrogatories and Request for Production" on October 8, 2009 ( Doc. 42).  However, counsel for defendant has attached to its motion a copy of an e-mail transmission from plaintiff's counsel sending the interrogatories via e-mail on October 12, 2009 [2].  (Doc. 43, Exhibit 1)  Regardless of the correct date, it is undisputed that the interrogatories were untimely under the Rules (ie., either 25 days prior to the end of discovery or 21 days prior to the end of discovery).[3]

Counsel for plaintiff maintains that his co-counsel was lead counsel in this case and withdrew in June 2009 (*see* docs. 29, 30) causing a delay in the progress of the case. Counsel further stated that the delay was due, in part, to the fact that plaintiff was incarcerated until August 2009 and counsel was unable to consult with him before propounding the discovery requests.  Counsel for defendant contends that Mr. Dearman

---

[2]  In a supplement to the Rule 26(f) Report, the parties agreed that service of discovery could be perfected by e-mail.  (*See* Doc. 21, p. 3, n. 1)

[3]  Rule 33 of the Federal Rules of Civil Procedure provides, in part as follows:

(2) Time to Respond. The responding party must serve its answers and any objections within 30 days after being served with the interrogatories. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.

Further, the Rule 16(b) entered in this action states that responses to discovery are due within thirty (30) days of service.  (*See* Doc. 20)

has been involved in this matter from its inception and discounts his arguments to the contrary.  Upon consideration, the defendant's motion to quash is **DENIED**.[4]

Unopposed Motion to Extend Discovery Deadline[5]

BAMACO now seeks a continuance of the oral deadlines imposed at the November 4, 2009 hearing on the grounds, in sum, that the defendant will be out of the country until November 16, 2009.  Counsel represents that she has conferred with counsel for plaintiff, and he does not oppose the motion.  Upon consideration, the defendant's unopposed motion for extension of the remaining deadlines is **GRANTED**, as the Rule 16 (b) Scheduling Order (doc. 20) is hereby **AMENDED** as follows:

    2.    DISCOVERY COMPLETION DATE. All discovery is to be completed on or before **January 29, 2010.**  Requests for extension will be viewed with great disfavor and will not be considered except upon a showing (1) that extraordinary circumstances require it and (2) that the parties have diligently pursued discovery. For all actions, "completed" means that all depositions have been taken; interrogatories, requests for admissions, and requests for production filed and

---

[4] The court's ruling denying defendant's motion to quash necessitated the granting of the plaintiff's motion to extend the discovery deadline.  At the hearing the court orally extended the deadline for one month (December 2, 2009) and ordered defendant's discovery responses due by that date.

[5] The parties were advised at the hearing on November 4, 2009 that any extensions greater than those discussed would necessitate resetting the trial of this action.  The dates proposed by the parties will not provide sufficient time for the District Judge to consider any dispositive motions prior to the pretrial conference.  Defendant acknowledges this in the unopposed motion.

responded to; physical inspections and testing concluded; physical and mental examinations concluded; and motions to compel filed.

6.     PRETRIAL DISCLOSURES. The time for disclosing the information required by Fed.R.Civ.P. 26(a)(3) shall be **April 16, 2010.**

8.     FINAL PRETRIAL CONFERENCE. This action shall be pretried by Chief Judge Callie V.S. Granade, on **May 17, 2010** at **4:00 p.m.**, in Mobile, Alabama. Requests for extending the convening of the pretrial conference will be granted only if good cause for the extension has been exhibited.

 A COPY OF CHIEF JUDGE GRANADE'S STANDING ORDER GOVERNING HER FINAL PRETRIAL CONFERENCES IS ATTACHED. NO ADDITIONAL NOTICES REGARDING THE FINAL PRETRIAL CONFERENCE WILL BE NECESSARY.

9.     TRIAL DATE. This action will be set for jury selection on **June 2, 2010 at 8:45 a.m.** and for trial during the month of **June 2010,** in Mobile, Alabama, the specific date to be set once the total number of actions to be tried that month is determined. The parties have estimated that this action will require 3-4 trial days.

12.    DISPOSITIVE MOTIONS. The Court considers dispositive motions, particularly summary judgment motions, to be appropriate methods for pretrial resolution of claims or defenses, or portions thereof, that do not contain disputed material facts, thus reducing the triable issues.

In order to ensure that these issues are presented in sufficient time for the Court to reach a decision prior to trial, the parties shall identify those claims or defenses that do not require a trial in a properly-supported dispositive motion, filed not later than **February 12, 2010.**

15. SETTLEMENT/ADR. The parties are ORDERED to file a written assessment of the possibility of resolving the issues in this case through a recognized ADR procedure. The written assessment shall be filed as soon as possible during the discovery process but no later than the close of discovery on **January 29, 2010.** Rule 16(c)(9).

All other deadlines and instructions contained in the Rule 16(b) Scheduling Order (doc. 20) remain unaffected.

DONE this the 5th day of November, 2009.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**