# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DUSTIN RAY RHODES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 08-0523-CG-C |
| | ) |
| **PAUL AND LINDA DAVIS** | ) |
| **d/b/a P&L CONSTRUCTION and** | ) |
| **BAMACO INC.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

On September 15, 2008, the plaintiff Dustin Ray Rhodes filed a complaint in this court against Bamaco, Inc. ("Bamaco") and Paul & Linda Davis d/b/a P & L Construction Co. ("P&L") seeking damages for negligence, wantonness and temporary disability and medical expenses for injuries he allegedly sustained when he was electrocuted while working in George County, Mississippi. (Doc. 5). On March 2, 2009, P&L was dismissed from the case because the plaintiff failed to provide proof of service within 120 days of the commencement of this action. (Doc. 16).[1] This matter is now before the court on (1) Bamaco's motion for summary judgment (Doc. 72), the plaintiff's response (Doc. 85), and Bamaco's reply (Doc. 92); (2) the plaintiff's motion to preclude use of Bamaco's insurance policy in its motion for summary judgment (Doc. 84), and Bamaco's response (Doc. 90); (3) Bamaco's motion to strike portions of Suzanne Thompson's affidavit (Doc. 89); (4) the plaintiff's motions to preclude use of

---

[1] The plaintiff thereafter filed a motion for reconsideration, which this court granted giving the plaintiff until May 28, 2009, to serve P&L. (Doc. 17 & 24). Since no proof of service was filed by that date, this court again entered an order dismissing P&L without prejudice. (Doc. 25).

1

Mississippi Workers' Compensation Commission ("MWCC") documents (Doc. 94 & 95), Bamaco's response (Doc. 97), and the plaintiff's motion for leave to file a motion to preclude Bamaco's response (Doc. 98).[2] For the reasons stated below, Bamaco's motion for summary judgment is due to be GRANTED, the plaintiff's motion to preclude use of the insurance policy is due to be DENIED, the plaintiff's motions to preclude use of the MWCC documents is due to be DENIED, and Bamaco's motion to strike portions of Suzanne Thompson's affidavit and the plaintiff's motion for leave to file a motion to preclude Bamaco's response are hereby MOOT.

## **FACTS**

Bamaco asserts that it is a general contractor that manages disaster-related contracts, and, as such, it secures disaster-related work then subcontracts the physical labor out; thus none of its employees ever do physical disaster-related clean-up work. (Doc. 73-1, Mitchell Aff., ¶ 4). After Hurricane Katrina devastated the Gulf Coast in late August 2005, Bamaco secured disaster-related clean-up work in Mississippi. In connection with that work, Bamaco entered into a subcontract with P&L for debris removal, and pursuant to that contract, P&L employees or P&L's subcontractors' employees, did all of the actual debris removal. (Id., ¶ 5). The plaintiff points out that the front page of the contract was dated September 3, 2005, but was not signed by the parties until September 15, 2005. (Doc. 85, pp. 1-3).

On September 13, 2005, the plaintiff maintains that he began work for the defendants

---

[2] The plaintiff also filed a motion to strike Bamaco's affirmative defenses (Doc. 75) for similar reasons found in their motion to preclude (Doc. 84), but because the plaintiff in his reply (Doc. 81) conceded that the motion to strike was due to be denied, this court denied that motion. (See Doc. 88).

Bamaco[3] and P&L "as a laborer for a hurricane clean up crew... in George County, Mississippi." (Doc. 5, ¶ 4). "Within hours of beginning work," the plaintiff asserts that "a member of Defendants' crew instructed Plaintiff to move a fallen power line in order to pick up debris" and when he touched the power line "the power line was live and the Plaintiff was electrocuted", an event which caused "injuries from the electrocution" and a broken foot "requiring surgery." (Id., ¶¶ 7 & 8).

On March 9, 2006, Todd P. Resavage, Esq. filed a petition to controvert on behalf of the plaintiff against P&L with the Mississippi Workers' Compensation Commission (hereinafter "MWCC"). (Doc. 73-2. p. 4). P&L filed its answer to the petition on May 5, 2006. (Id., p. 3). On December 22, 2006, the plaintiff's petition to controvert was dismissed due to the plaintiff's failure to respond. (Id.). Although the plaintiff testified that he was not aware of this petition or any other claim being filed with the MWCC by an attorney on his behalf (Doc. 85-2, Rhodes Dep., p. 7), an official copy shows that the plaintiff signed the petition on February 22, 2006. (Doc. 92-4, p. 10).

The plaintiff filed the instant action on September 15, 2008 (Doc. 1), asserting claims against Bamaco and P&L Construction for disability benefits and medical expenses under the Worker's Compensation Laws of the State of Mississippi and for negligently and wantonly failing "to maintain a safe working environment" and failing "to properly train and supervise their employees." (Doc. 5, ¶¶ 19-23). In his prayer for relief, the plaintiff "demands judgment [and penalties] against the Defendants for the compensation and medical expenses to which

---

[3] For purposes of its motion for summary judgment, Bamaco assumes, arguendo, that plaintiff was an employee. The bases for summary judgment are all legal grounds and do not depend on a factual determination of whether plaintiff was defendants' employee, in fact.

Plaintiff is entitled under the Worker's Compensation Laws of the State of Mississippi" and also "general compensatory damages and punitive damages plus interest and costs against the Defendants". (Id., p. 3). P&L was later dismissed from the case because the plaintiff failed to provide proof of service within 120 days of the commencement of this action. (Doc. 16).

Beverly Mitchell testified in an affidavit that "[a]t the time of Dustin Rhodes' alleged injury, Bamaco had workers' compensation insurance." (Doc. 73-1, Mitchell Aff., ¶9). A copy of the insurance policy is attached to Bamaco's motion for summary judgement. (See Id., p. 5). In its initial disclosures, however, Bamaco maintained that it did "not have insurance for the claims against it in this action", a statement which was not changed in any supplemental disclosures.[4] (Doc. 84-1, p. 4; Doc. 84-2, p. 5).

## CONCLUSIONS OF LAW

### I. Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The trial court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a

---

[4] Bamaco maintains that workers' compensation insurance was not "insurance for any claims against it in this action" because it has steadfastly maintained that plaintiff was not its employee and thus not covered by workers' compensation insurance. It therefore asserts that the initial disclosures quoted above were correct, and that in any event, deposition testimony revealed the existence of workers' compensation insurance before the close of discovery. Bamaco does admit that it should have disclosed the existence of its workers' compensation insurance policy as a document to be used in support of its affirmative defenses, one of which was its exclusivity-based affirmative defense set forth in its Answer to the Amended Complaint (Doc. 12).

genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "The mere existence of some evidence to support the non-moving party is not sufficient for denial of summary judgment; there must be 'sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" Bailey v. Allgas, Inc., 284 F.3d 1237, 1243 (11th Cir. 2002) (quoting Anderson, 477 U.S. at 249). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, at 249-250. (internal citations omitted).

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." See Anderson, 477 U.S. at 251-252. The moving party bears the burden of proving that no genuine issue of material fact exists. O'Ferrell v. United States, 253 F.3d 1257, 1265 (11th Cir. 2001). In evaluating the argument of the moving party, the court must view all evidence in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in its favor. Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir. 1999). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." Miranda v. B&B Cash Grocery Store, Inc., 975 F.2d 1518, 1534 (11th Cir. 1992) (citing Mercantile Bank & Trust v. Fidelity & Deposit Co., 750 F.2d 838, 841 (11th Cir. 1985)).

Once the movant satisfies his initial burden under Rule 56(c), the non-moving party "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." Howard v. BP Oil Company, 32 F.3d 520, 524 (11th Cir. 1994)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 324

5

(1986)). Otherwise stated, the non-movant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment." See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). The non-moving party "may not rest on the mere allegations or denials of the [non-moving] party's pleading, but .... must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). "A mere 'scintilla' of evidence supporting the [non-moving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted). "[T]he nonmoving party may avail itself of all facts and justifiable inferences in the record taken as a whole." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998 (11th Cir. 1992). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (internal quotation and citation omitted).

### II. Plaintiff's claim for workers' compensation benefits

In his amended complaint, the plaintiff "demands judgment [and penalties] against the Defendants for the compensation and medical expenses to which Plaintiff is entitled under the Worker's Compensation Laws of the State of Mississippi..." (Doc. 5, p. 3). In its motion for summary judgment, the defendant argues that the plaintiff's claim for workers' compensation benefits is time barred because he waited more than two years to seek compensation. (Doc. 73, p. 4).

Under the Mississippi Workers' Compensation Act, "if no payment of compensation... is made and no application for benefits filed with the commission within two years from the date of

6

the injury or death, the right to compensation therefor shall be barred." Miss. Code Ann. § 71-3-35. "[A]n 'application for benefits' as referenced in Mississippi Code Annotated Section 71-3-35(1) (Rev. 2000) means a petition to controvert, or some variation of a petition or motion, filed with the Workers' Compensation Commission <u>by the claimant</u>, not the employer or carrier." <u>Tupelo Public Sch. Dist. v. Parker</u>, 912 So.2d 1070, 1072 (Miss.Ct.App. 2005)(emphasis in original). It is undisputed that BAMACO did not pay any compensation or benefits to the plaintiff. (<u>See</u> Doc. 73-1, Mitchell Aff., ¶ 6; Doc. 85). Although a petition to controvert was filed with the MWCC against P&L in 2006, it is also undisputed that the plaintiff did not file a petition to controvert or any other variation of the petition or motion against Bamaco within two years of the date of the injury. (<u>See</u> Doc. 73-1, Mitchell Aff., ¶ 8; Doc. 85). As a result, the plaintiff's claim against Bamaco for "compensation and medical expenses to which Plaintiff is entitled under the Worker's Compensation Laws of the State of Mississippi..." is time barred by Mississippi Code Annotated § 71-3-35(1).

The plaintiff maintains, however, that Bamaco should be estopped from denying the statute of limitations was tolled because Bamaco "has presented no evidence that either they or their insurer ever gave the § 71-3-67 required notice under [] the Mississippi Workers' Compensation concerning Dustin Rhodes injury..." (Doc. 86, p. 6). Mississippi Code § 71-3-67 states that "[i]n the event of an injury which shall cause loss of time in excess of the waiting period . . . , a report thereof shall be filed with the commission by the employer or carrier, on a form approved by the commission for this purpose, within ten (10) days after the prescribed waiting period has been satisfied.." Miss. Code Ann. § 71-3-67. Despite the plaintiff's arguments otherwise, Mississippi courts "do not hold that failure to comply with [the] section []

7

requiring employer to give notice to commission [] alone would estop the employer from relying on the statute of limitation." Prentice v. Schindler Elevator Co., 13 So.3d 1258, 1260 (Miss. 2009)(citation and internal quotation marks omitted).

The plaintiff further argues that "for years Bamaco has uniformly denied that it maintained a workmen's compensation insurance policy" thus the statute of limitations should be tolled. (Doc. 86, p. 6-7). The Mississippi Supreme Court has provided that "the statute of limitations is tolled where the employer misrepresents the nature and existence of its coverage and the employee relies on such statements." Holbrook v. Albright Mobile Homes, Inc., 703 So.2d 842, 844 (Miss. 1997). While there is a genuine dispute as to whether Bamaco had misrepresented the nature and existence of its workers' compensation insurance, the plaintiff has put forth no evidence that he relied on such misrepresentation when he failed to file a compensation claim against Bamaco. In fact, the evidence indicates that the plaintiff did not rely on Bamaco's alleged misrepresentations when it failed to file a claim against Bamaco since the plaintiff did file a workers' compensation claim against P&L within two years after his injury[5]

---

[5] The plaintiff filed a motion to preclude Bamaco's use of the MWCC documents because (1) they are irrelevant to this proceeding; (2) the documents were recovered after the discovery deadline established; and (3) Bamaco was required to supplement its initial disclosures and discovery responses as to its intent to use these documents. (Doc. 94). This court finds that the plaintiff's motion is due to be denied for the following reasons. First, the documents are relevant under the Federal Rules of Evidence 401 because this evidence tends to show that it is more probable that the plaintiff did not rely on any misrepresentations when it failed to file a claim against Bamaco within the statute of limitations. Second, although discovery was to be completed by February 26, 2010, "completed" is defined by the second amended scheduling order as "all depositions have been taken; interrogatories, requests for admissions, and requests for production filed and responded to; physical inspections and testing concluded; physical and mental examinations concluded; and motions to compel filed." (Doc. 63, p. 1-2). The official copy appears to not have been obtained by any of the above methods, thus Bamaco did not violate the discovery due date. Third, there is no question that the plaintiff was aware that he had personally participated in the claim against P&L with the MWCC since he signed the petition on February 22, 2006. (Doc. 92-4, p. 10).

even though he knew P&L had no workers' compensation insurance.  (See Doc. 92-3, Rhodes Dep., p. 3).

In sum, Bamaco's motion for summary judgment is due to be granted as to the plaintiff's claim for "compensation and medical expenses to which Plaintiff is entitled under the Worker's Compensation Laws of the State of Mississippi..." because said claim is time barred as stated in Mississippi Code Annotated § 71-3-35(1).

## II. Plaintiff's claims for negligence and wantonness

In his amended complaint, the plaintiff also claims that Bamaco negligently and wantonly "failed to maintain a safe working environment and failed to properly train and supervise their employees" and asks for "general compensatory damages and punitive damages plus interest and costs against the Defendants".  (Doc. 5, ¶¶ 19-23 & p. 3).  In its motion for summary judgment, Bamaco argues that (1) the plaintiff's claim for negligence is time barred by Alabama's statute of limitations; and (2) the exclusivity provision of the Mississippi Workers' Compensation Act bars the plaintiff's negligence and wantonness claims.  (Doc. 73, pp. 6-10).

### A. Statute of Limitations for the plaintiff's negligence claim

The defendant first argues that the plaintiff's negligence claim "should... be dismissed because it is time barred" under Alabama law which has a statute of limitations for negligence claims of two years.  (Doc. 73, p. 7-10)(citing Ala. Code § 6-2-38(l)).  The plaintiff, on the other hand, argues that this court should apply the statute of limitations under Mississippi law which allows the plaintiff to file a negligence action for up to three years.  (Doc. 86, p. 5)(citing Miss. Code Ann. § 15-1-49).

9

"When a federal court decides a state law claim, whether acting pursuant to diversity or supplemental jurisdiction, it applies the choice-of-law rules of the jurisdiction in which it[] sits." Benchmark Med. Holdings, Inc. v. Rehab Solutions, LLC, 307 F.Supp.2d 1249, 1259 (M.D.Ala. 2004). Under Alabama law, "the traditional choice of law rule of lex loci delicti governs tort causes of action and requires that the substantive law of the place where the tort occurred must be employed, while procedural law of the forum state is to be applied." Randolph v. Tenn. Valley Authority, 792 F.Supp. 1221, 1222 (N.D.Ala. 1992). Therefore, with respect to the plaintiff's negligence claim, this court must apply the procedural rules of Alabama and the substantive law of Mississippi.

In most situations, "statutes of limitation are deemed procedural rather than substantive." Etheredge v. Genie Indus., Inc., 632 So.2d 1324, 1326 (Ala. 1994). The Alabama Supreme Court maintains "that a distinction exists between a true statute of limitations and a statute which creates a new right of action with an express restriction on the time within which an action may be brought to enforce the right." Cofer v. Ensor, 473 So.2d 984, 987 (Ala. 1985). "The former is known as a statute of limitations, while the latter has been referred to by" the Alabama Supreme Court "as a 'statute of creation.'" Etheredge, 632 So.2d at 1326 (citing Cofer, 473 So.2d at 987). The Alabama Supreme Court explained that

> In one [a statute of creation], the limitation [period] is so inextricably bound up in the statute creating the right that it is deemed a portion of the substantive right itself. In the other [a statute of limitation], the limitation is deemed to affect only the remedy and does not constitute part of the substantive right.
>
> Id.(quoting Cofer, 473 So.22d at 987)(other citations omitted)(bracketed terms added in Cofer; emphasis added by Etheredge).

Therefore, a statute of limitations is typically procedural in nature unless "the limitation is so

inextricably bound up in the statute creating the right that it is deemed a portion of the substantive right itself." Etheredge, 632 So.2d at 1327 (citations omitted).

The Mississippi statute of limitation that would apply to the plaintiff's negligence claim is Mississippi Code Annotated § 15-1-49 which provides that "[a]ll actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of action accrued, and not after." Miss. Code Ann. § 15-1-49(1). After reviewing the Mississippi statute, in the context in which it appears in Mississippi common law and general statutes, this court concludes that Mississippi's statute of limitations on negligence actions is not "inextricably bound up in [a] statute creating the right [or cause of action]." Cofer, 473 So.2d at 987. This statute is not a "statute of creation" but rather is a "statute of limitation," and as such, is treated by Mississippi courts as procedural law of Mississippi. See In re Petro-Serve, Ltd., 2007 WL 773398, at *3 (S.D.Miss. March 9, 2007)(finding that regardless of whether Oklahoma or Mississippi substantive law applies, the Mississippi statute of limitations is procedural and thus would apply); Haire v. Miller, 447 F.Supp. 57, 61-62 (N.D.Miss. 1977)(In regards to § 15-1-49, "'[a]s a rule, Mississippi treats statutes of limitation as procedural; and in keeping with the accepted practice of applying procedural rules of the forum state irrespective of the choice of substantive law, the state courts generally enforce Mississippi's limitation periods and not those of foreign jurisdiction.'" (citation omitted)); Ford v. State Farm Ins. Co., 625 So.2d 792, 793-794 (Miss. 1993)(holding that because "Mississippi applies its own procedural law to actions filed in the courts of this state[,] Mississippi's... statute of limitations for tort actions, Miss. Code § 15-1-49... applies to a Mississippi lawsuit even though the tort occurred in Louisiana.").[6]

---

[6] The plaintiff argues that because "§ 15-1-49 [is] 'so inextricably bound up in'" the exclusivity provision of the Mississippi Workers' Compensation Act, § 15-1-49 is substantive

Because this court finds Mississippi Code Annotated § 15-1-49 to be procedural, it does not apply to plaintiff's negligence action. Instead, this court must apply the statute of limitations under Alabama law. See Etheredge, 632 So.2d at 1327. Alabama's statute of limitations for negligence actions is two years. Ala. Code. § 6-2-38(l). Plaintiff's alleged injury occurred on September 13, 2005 (Doc. 5, ¶ 4), and the plaintiff filed the instant action on September 15, 2008. (Doc. 1). Because the plaintiff filed his claim for negligence more than two years after his alleged injury, his negligence claim is untimely under Alabama law and summary judgment is due to be granted.

### B. The exclusivity provision of the Mississippi Workers' Compensation Act

If this court were to assume that the plaintiff were the employee of Bamaco for the purposes of the motion for summary judgment, Bamaco also argues that the statutory compensation under the Mississippi Workers' Compensation Act is the exclusive remedy available to the plaintiff and, as such, the plaintiff's claims for negligence and wantonness are barred. (Doc. 73, p. 6). Under § 71-3-7 of the Mississippi Workers' Compensation Act, a statutory employer "shall be liable for and shall secure the payment to his employees of the compensation payable under [the Act's] provisions." Miss. Code Ann. § 71-3-7 (Rev. 2000). "An employer that has secured payment of compensation for its employees in compliance with section 71-3-7 enjoys immunity from suit in tort for an employee's injury or death." Washington v. Tem's Junior, Inc., 981 So.2d 1047, 1050 (Miss.Ct.App. 2008)(citing Miss. Code Ann. § 71-3-

---

law and not procedural law. (Doc. 86, p. 2). The plaintiff did not cite, nor could this court find, any support for the plaintiff's argument. Furthermore, unlike in Bodnar v. Piper Aircraft, 392 So.2d 1161, 1163 (Ala. 1980), where the Georgia Supreme Court "declared the two-year period stated in [the wrongful death statute of limitations] to be the 'public policy' of that state," no Mississippi court has ever declared Mississippi Code Annotated § 15-1-49 to be the "public policy" of Mississippi.

9; Lamar v. Thomas Fowler Trucking, Inc., 956 So.2d 878, 882 (¶11)(Miss. 2007).

The requirement that an employer have an insurance policy that complies with the Workers' Compensation Act means that the employer must "insure payment of [workers'] compensation by a carrier authorized to insure such liability in [Mississippi]." Miss. Code Ann. § 71-3-75; see Toney v. Lowery Woodyards, 278 F.Supp.2d 786, 792 (S.D.Miss. 2003)("Section 71-3-75(1) provides the manner in which payment must be secured..."). Bamaco's workers' compensation insurer, Twin City Fire Insurance Company, has been a licensed insurer in the state of Mississippi since 1946 and was authorized to insure workers' compensation liability in that state at the time of the plaintiff's injury. (See Doc. 73-1 & 92-5). Furthermore, Beverly Mitchell testified, and the plaintiff did not refute, that "[a]t the time of Dustin Rhodes' alleged injury, Bamaco had workers' compensation insurance." (Doc. 73-1, Mitchell Aff., ¶ 9). There is no question to this court that Bamaco satisfied its obligation under the Mississippi Workers' Compensation Act to secure payment of compensation for its employees in compliance with § 71-3-7, thus Bamaco enjoys immunity from any suits in tort for an employee's injury or death. As a result, summary judgment as to the plaintiff's negligence and wantonness claims are due to be granted.

The plaintiff, however, argues that "[t]he interests of justice demand that Bamaco's untimely disclosure of the putative insurance policy... lead to the policy's preclusion" and also filed a motion asking this court to preclude, under Rule 37(c)(1) of the Federal Rules of Civil Procedure, Bamaco's use of the insurance policy in the motion for summary judgment. (Doc. 84, p. 1). This court is not persuaded by the plaintiff's arguments. First, even if this court were to grant the plaintiff's motion to preclude, Bamaco presented other undisputed evidence that it

13

had workers' compensation insurance at the time of plaintiff's injury. For example, as stated above, Beverly Mitchell testified, and the plaintiff did not refute, that "[a]t the time of Dustin Rhodes' alleged injury, Bamaco had workers' compensation insurance." (Doc. 73-1, Mitchell Aff., ¶9).[7] Second, under the facts presented in this case, the plaintiff cannot reasonably profess to have incurred prejudice. The plaintiff became aware of Bamaco's insurance policy two weeks before the discovery deadline (see Doc. 90-6, pp. 3-4) but did not request a copy of the policy after the deposition or seek an extension of the discovery deadline to conduct additional discovery related to the policy. "That []he chose not to pursue the matter does not give rise to a finding of prejudice under Fed.R.Civ.P. 37(c)(1)." Johnson-Price v. Ala. Dept. of Human Resources, slip op., 2010 WL 1267288, at *1(citing OFS Fitel, LLC v. Epstein, Becker and Green, P.C., 549 F.3d 1344, 1364-1365 (11th Cir. 2008)(finding the late submission of the plaintiff's expert report was proper under Rule 37(c)(1), as the opposing party was constructively aware of the existence of the expert's testimony prior to the discovery deadline).

## CONCLUSION

After due consideration of all matters presented and for the reasons set forth herein, it is **ORDERED** that Bamaco's motion for summary judgment (Doc. 72) is **GRANTED**; that the

---

[7] While it is clear to the court that, pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(ii) and (iv), Bamaco should have alerted the plaintiff that it had workers' compensation insurance at the time of the plaintiff's injury in its initial or supplemental disclosures, the court finds it is not appropriate to preclude the insurance policy itself at this time. Rather, the court finds that it may be appropriate to award other sanctions under Rule 37 of the Federal Rules of Civil Procedure, and invites plaintiff to submit evidence of any expenses he incurred due to the failure to disclose.

plaintiff's motion to preclude Bamaco's use of the workers' compensation insurance policy (Doc. 84) is **DENIED**; and that the plaintiff's motions to preclude use of the MWCC documents (Doc. 94 & 95) are **DENIED**. Bamaco's motion to strike portions of Suzanne Thompson's affidavit (Doc. 89) and the plaintiff's motion for leave to file a motion to preclude Bamaco's response (Doc. 98) are therefore **MOOT**.

Any submission by the plaintiff as indicated in footnote 7, above, shall be filed no later than May 28, 2010. A response may be filed by the defendant no later than June 11, 2010, and a reply no later than June 18, 2010.

**DONE and ORDERED** this 6th day of May, 2010.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE